<u>**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**</u>

No. 16-4361

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 05, 2018
DEBORAH S. HUNT, Clerk

ABRAHAM YAACOV,                                    )
                                                   )
    Plaintiff-Appellant,                          )
                                                   )    ON APPEAL FROM THE UNITED
v.                                                 )    STATES DISTRICT COURT FOR
                                                   )    THE NORTHERN DISTRICT OF
GARY C. MOHR, Director, Ohio Department of         )    OHIO
Rehabilitation and Correction, et al.,             )
                                                   )
    Defendants-Appellees.                         )


O R D E R


Before:  COLE, Chief Judge; GIBBONS and BUSH, Circuit Judges.


Abraham Yaacov, an Ohio prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his civil suit filed under 42 U.S.C. § 1983.  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Yaacov is Jewish and keeps kosher.  He is also vegetarian.  Between 2008 and 2014, the Ohio Department of Rehabilitation and Correction ("ODRC") provided Yaacov with vegetarian or vegan kosher meals.  Yaacov alleged that, since September 2014, when ODRC outsourced its food services and contracted with food-service vendor Aramark, he has been denied a vegan or vegetarian kosher meal plan.

After unsuccessfully grieving the matter internally, Yaacov commenced this action against Gary Mohr, ODRC's Director; Mike Davis, ODRC's Religious Services Administrator; Margaret Bradshaw, Warden of the Richland Correctional Institution; Tim Milligan, Deputy Warden of Special Services at Richland; Scott D. Logan, Chaplain at Richland; Christie Wressell, Aramark Food Service Manager at Richland; and Cathy Mosier, Business

Administrator at Richland.  Yaacov alleged that denial of a vegetarian/vegan kosher meal plan violates his rights to freedom of religion under the First Amendment, to be free from cruel and unusual punishment under the Eighth Amendment, and to due process and equal protection under the Fourteenth Amendment.  In the "legal claims" section of the complaint, Yaacov also cited the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc.

The district court reviewed Yaacov's complaint under 28 U.S.C. § 1915(e) and dismissed it for failure to state a claim upon which relief may be granted.  The court did not consider whether Yaacov's complaint stated a claim under RLUIPA.  Yaacov now appeals, and this court granted him leave to proceed in forma pauperis on appeal.

In his appellate brief, Yaacov argues that the district court erred in treating his vegetarianism as a mere dietary preference rather than as an exercise rooted in his sincerely held religious belief.  He did not address his Eighth Amendment claim and failed to advert at all to his equal-protection and due-process claims.  Yaacov has therefore waived appellate review of those claims.  *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005) ("[A party's] failure to raise an argument in his appellate brief constitutes a waiver of the argument on appeal."); *see also Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001) (explaining that, although pro se filings should be liberally construed, "pro se parties must still brief the issues advanced and reasonably comply" with the briefing standards set forth in Federal Rule of Appellate Procedure 28).

We review de novo a district court's dismissal of a suit under 28 U.S.C. § 1915(e)(2).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Under the Prison Litigation Reform Act, district courts must screen and dismiss any complaint filed by a prisoner against a governmental entity or an officer or employee of a governmental entity that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a), (b); *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).  "[T]o survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Hill*, 630 F.3d at 471 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

"[T]o establish a violation of the free exercise clause an individual must first show that the government has placed a substantial burden on the practice of his religion." *Wilson v. NLRB*, 920 F.2d 1282, 1290 (6th Cir. 1990). "A prisoner alleging that the actions of prison officials violate his religious beliefs must show that 'the belief or practice asserted is religious in the person's own scheme of things' and is 'sincerely held.'" *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (quoting *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987)); *see also Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010). To state a claim under RLUIPA, plaintiffs must allege that the defendants substantially burdened their religious beliefs or practices. 42 U.S.C. § 2000cc-1(a); *Cutter v. Wilkinson*, 544 U.S. 709, 715-16 (2005).

The district court concluded that Yaacov failed to state a claim under the First Amendment because he was receiving kosher meals and his desire for a vegan/vegetarian meal plan was merely a personal food preference to which he was not constitutionally entitled. But Yaacov asserted in his complaint that his meatless kosher diet was rooted in his religious beliefs. He acknowledged that his religion neither prohibits nor requires adherence to a vegetarian/vegan diet, but stated that he "chose[] an alternative meatless kosher diet [in] accordance [with] his faith and sincere religious beliefs." By characterizing Yaacov's desire for a meatless kosher option as simply a personal preference and rejecting his free-exercise claim on that basis, the district court improperly made a judgment about the validity of Yaacov's beliefs. "Courts are not arbiters of scriptural interpretation," *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 716 (1981), and they "must not presume to determine the place of a particular belief in a religion or the plausibility of a religious claim," *Vandiver v. Hardin Cty. Bd. of Educ.*, 925 F.2d 927, 931 (6th Cir. 1991) (quoting *Emp't Div., Dep't of Human Res. of Or. v. Smith*, 494 U.S. 872, 887 (1990)). Yaacov's allegation that his need for a vegan/vegetarian kosher option was based on his sincerely held religious beliefs should have been accepted as true, particularly at the

pleading stage, during which the court must accept all factual allegations as true.  *See Iqbal*, 556 U.S. at 678.

Accepting Yaacov's allegations as true, his complaint adequately alleged that:  (1) the defendants interfered with his religious belief that he must not eat meat by refusing to provide him with a vegetarian/vegan kosher meal; (2) his belief was religious in nature; and (3) the belief was sincerely held, as shown by his allegation that he maintained a meatless kosher diet for six years prior to the ODRC's change in food-service provider.  Thus, the district court erred in finding that Yaacov failed to state a First Amendment claim under § 1983.  *See Flagner*, 241 F.3d at 481.

Yaacov's allegations were also sufficient to state a claim under RLUIPA.  He alleged that the denial of a vegetarian kosher meal plan substantially burdens the exercise of his religious beliefs because without a proper meal to eat he will suffer physically due to a lack of calories and protein in his diet.  42 U.S.C. § 2000cc-1(a); *Cutter*, 544 U.S. at 715-16.  In other words, the denial of a vegetarian meal forces him to either go hungry or violate his religious beliefs.  *See Living Water Church of God v. Charter Township of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007) (holding that a burden is substantial where it forces an individual to choose between following the tenets of his religion and retaining governmental benefits or places "substantial pressure on an adherent to modify his behavior and to violate his beliefs").  The district court therefore erred in holding that Yaacov's complaint failed to state a claim under the First Amendment and RLUIPA.

Accordingly, we **VACATE** the district court's judgment, in part, and **REMAND** to the district court for further proceedings on Yaacov's First Amendment and RLUIPA claims.  We **AFFIRM** the judgment in all other respects.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk